Arthur S. Robinson
ROBINSON & ASSOCIATES
35401 Kenai Spur Highway
Soldotna, AK 99669
Telephone: (907) 262-9164
Facsimile: (907) 262-7034
Email: Chuck@robinsonandassociates.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
Civil Action, File No. 3:06-cv-00205-JWS

| | |
|---|---|
| RONALD L. and DEBBIE L. HALSEY )<br><br>        Plaintiffs, )<br><br>ADMINISTRATOR,<br>WAGE AND HOUR DIVISION, UNITED<br>STATES DEPARTMENT OF LABOR,<br><br>        DEFENDANTS. | MOTION FOR SUMMARY<br>JUDGMENT AND MEMORANDUM<br>IN SUPPORT OF MOTION |

**MOTION AND BRIEF OF PLAINTIFFS IN SUPPORT OF THE MOTION**

I.  **JURISDICTION**

Plaintiffs filed a timely complaint in the District Court seeking judicial review of the Final Decision and Order of the United States Department of Labor Administrative Review Board issued September 29, 2005 affirming an administrative decision and order issued by Administrative Law Judge William Dorsey against respondents on October 23, 2003 and February 2, 2004, respectively, granting the Government Summary Judgment against respondents/plaintiffs Halseys for violation of the Child Labor provisions of the Fair Labor Standards Act and issuing an Order Setting Civil Money Penalty against respondents/plaintiffs in the sum of $11,700.00. Pursuant to 29 CFR 580.13 the Secretary of

Labor and the Administrative Review Board had jurisdiction to hear the administrative appeal. Title 5 U.S.C. Sec. 702 provides for judicial review by the District Court of this agency's action in this case.

Plaintiffs seek summary judgment against DOL and by way of Fed. R.Civ.P. 56 so move for summary judgment on the grounds that there are no genuine issues of material fact to be litigated and plaintiffs are entitled to judgment as a matter of law.

## II.    STANDARD OF REVIEW

Summary judgment should be granted when, viewing the evidence in the light most favorable to the nonmoving party, no genuine issues of material fact remain and the party moving for summary judgment is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Cleary v. News Corp., 30 F 3d. 1255, 1259 (9th Cir. 1994). The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. Adikes v. S.H. Kress and Co., 398 U.S. 144, 90 S. Ct. 1598, 26 L.Ed.2d 142 (1970). Zoslaw v. MCA Distribution Corp., 693 F.2d 879, 883 (9th Cir. 1982), cert. denied 460 U.S. 1085(1983). Summary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

A principal purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or defense and [the rule] should be interpreted in a way that allows it to accomplish this purpose. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Where a party has the burden of proving an element

2

essential to its case at trial, and the party does not make a showing sufficient to establish the existence of that element, there can be no genuine issues to any material fact since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. <u>Celotex Corp</u>., 477 U.S. at 322-23.

III. <u>ISSUES FOR REVIEW</u>

**A.  DID ARB ERR IN AFFIRMING SUMMARY JUDGMENT TO DOL ON QUESTION WHETHER RESPONDENTS ARE EXEMPT FROM CHILD LABOR PROVISIONS OF FLSA?**

    1.  Did the Administrative Review Board (ARB) err in concluding that the Halseys are subject to coverage under the Fair Labor Standards Act (FLSA)?

**B.  DID ADMINISTRATIVE LAW JUDGE (ALJ) ERR IN GRANTING SUMMARY JUDGMENT TO PETITIONER ON QUESTION WHETHER RESPONDENTS IN 2002 VIOLATED CHILD LABOR PROVISIONS OF FAIR LABOR STANDARDS ACT (FLSA)?**

    1.  Did the ARB err in concluding that the Halseys employed Gammon in oppressive labor and therefore, violated Section 212 (c) of the FLSA?

    2.  Did the ARB err in concluding that Gammon was not a self-employed independent contractor, but was an employee for purposes of the FLSA?

**C.  DID ARB ERR IN AFFIRMING ORDER ASSESSING CIVIL PENALTY?**

    1.  Did the ARB err in concluding that the Administrative Law Judge (ALJ) properly assessed a civil monetary penalty of $11,700 for the Halseys' violation of Section 212(c) of the FLSA?

III. <u>STATEMENT OF CASE AND COURSE OF PROCEEDINGS BELOW</u>

    A.  <u>STATEMENT OF CASE</u>

The facts in this case are not in dispute. Plaintiffs, Ronald and Debbie Halsey, are sole proprietor owners of a

3

commercial set gillnet salmon fishing enterprise in Cook Inlet, Alaska near the central Kenai Peninsula, within 1 and 1/2 miles of the eastern shore of the inlet. (Administrative Record Docket 12, HALS 0000130-133 - Respondents' Exhibit 1, Affidavit of Ronald L. Halsey filed in support of Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment). Plaintiffs' fishing enterprise is in the business of catching fish for sale. In the summers of 2001 and 2002, Plaintiffs held entry permits from the State of Alaska to sell commercially caught salmon using set net fishing gear in the Cook Inlet. The salmon set net season is from July 1 to August 7 of each year. The fishing periods are for 12 hours on Mondays and Thursdays from 7 a.m. to 7 p.m. Using a 22 foot boat of the type commonly used for set net salmon fishing in the inlet, plaintiffs during open fishing periods place their stationary nets about 1 1/2 miles from the Cook Inlet's eastern shore to catch fish.

The business activity connected with plaintiffs' commercial fishing enterprise extends beyond merely catching salmon during the fishing season. Before the season opens each year the Halseys obtain supplies, groceries, fuel and other items needed for the fishing season. They also prepare the nets, equipment and fishing vessel to get ready for use before the season starts. After each season is over and catching of fish comes to an end, plaintiffs close down the catching operation by putting the gear, equipment and fishing vessel away for the winter. This includes pulling their set net gear from the water, such as buoys and buoy lines, putting the nets in storage for the winter, putting the fishing

vessel away for winter, doing maintenance and repair work on the boat, boat motor and other equipment as needed, so that these are ready for use for the next season. The enterprise engages the services of crewpersons to help and assist in the catching of salmon during the fishing season. All of the pre-season and post-season work of the enterprise is done solely by plaintiffs.

For the 2001 and 2002 fishing seasons plaintiffs' enterprise engaged the services of Samuel Gammon as a crewperson to assist in the catching of salmon. In 2001 Gammon was 13 years old when he worked as a crewperson. In 2002 Gammon was 14 years old when he worked as a crewperson. The Halseys knew Gammon's age in 2001 and 2002. As a crewperson, Gammon helped set and remove the gillnets at the opening and closing of fishing periods, removed fish caught in the nets to the boat, and unloaded fish from the boat on shore when the boat came in to shore with the fish. Gammon did not take any of the fish from the shore to the fish processor for sale. Gammon did not work more than 12 hours a day, or during the school term. Gammon did not suffer any injury in the 2001 fishing season. For both fishing seasons the enterprise paid for Gammon's fishing license and provided him a life jacket and other gear, such as gloves and hip boots, to use in fishing. The Halseys never thought engaging the services of Gammon as a crewperson to assist in the catching of fish was a violation of any law.

The gross sales revenue of the Halseys' enterprise from the sale of the salmon caught for the 2001 season was $13,073.20. In 2002 the enterprise sold its catch to Ocean Beauty Seafoods, a

fish processor. The gross sales revenue from Halseys' 2002 catch was $11,927.87. Ocean Beauty combined the fish purchased from the Halseys with others caught in Cook Inlet by set net fishermen and sent it to a Seattle, Washington facility for processing. According to Ocean Beauty, 95% of all salmon purchased from Cook Inlet set net fishermen like the Halseys are sent to Seattle for processing. For the years Gammon was a crew person the enterprise paid him a percentage of the gross revenue as a crew share and compensation for his work. Gammon's pay for the 2001 and 2002 seasons were reported to the Internal Revenue Service (IRS) as non-employee compensation.

The fishing crew for 2002 consisted of Ron and Debbie Halsey, Cody McVay (age 20), and Gammon. At the end of the fishing period of July 12, 2002, while the Halseys and the crew were about 1 1/2 miles off shore in the fishing boat removing the nets from the water, a large wave capsized the boat. Everyone in the boat went overboard. Everyone was wearing life preservers. Ronald Halsey was able to swim to shore and summon help from other fishermen who recovered Debbie Halsey and Cody McVay alive from the water, but Samuel Gammon, who suffered hyperthermia, died from the accident.

B.    **PROCEEDING BELOW**

After the accident in which Gammon died, the Administrator of the Wage and Hour Division of the United States Department of Labor (Government) assessed a civil money penalty in the amount of $11,700 against the Halseys and their enterprise for employing a minor in violation of the child labor provisions of Section

6

12(c) of the FLSA of 1038, as amended; 29 U.S.C. §201 through 219 (the Act). (Administrative Record Docket 1, HALS 0000001-3 – Assessment of Civil Money Penalty Against Halsey, Ronald L. and Debbie L. dated 10-02-2002). The Halseys timely filed an exception to that determination and, pursuant to 29 CFR §580.6, the matter was submitted to the Office of Administrative Law Judges for decision. (Administrative Record Docket 2, HALS 0000004 – Halseys' Letter or Exception dated 10-11-2002).

The Government moved for partial summary judgment asserting that the Halseys violated the child labor provisions of the Act as a matter of law because 1) Gammon was an employee; 2) all elements of a child labor violation were present; and 3) Plaintiffs failed to demonstrate that Gammon was something other than an employee. (Administrative Record Docket 9, HALS 0000030-96 - Plaintiff's Motion for Partial Summary Judgment). The Halseys made a cross motion for summary judgment asserting that no violation of the Act occurred because 1) the Government does not have jurisdiction over their business enterprise; 2) Gammon's work for their enterprise was permissible under the child labor provisions; and 3) Gammon was an independent contractor rather than an employee. (Administrative Record Docket 12, HALS 0000108-144 - Respondents' Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment).

The administrative law judge (ALJ) concluded that under the facts of the case that the Act applies, the elements of an oppressive child labor violation were present, and that Gammon was an employee of the Halseys' enterprise. The ALJ granted the

Government's motion for summary judgment and denied the Halseys' cross motion. (Administrative Record Docket 21, HALS 0000193-201 – Order Granting Government's Motion for Summary Decision on Liability). Specifically, the ALJ concluded that as a matter of law: 1) that Gammon was a minor employee of Halseys' enterprise employed in an occupation involving transportation of property by water which the Secretary has declared to be hazardous and therefore, Gammon's employment constituted oppressive child labor in violation of the Act; 2) that the Halseys' enterprise was not exempt from the Act and therefore, Gammon's employment is covered by the act; and 3) that Gammons was not an independent contractor. (Administrative Record Docket 21, HALS 0000193-201 – Order Granting Government's Motion for Summary Decision on Liability).

After ruling in favor of the Government on its motion for summary judgment, the ALJ affirmed the Government's civil penalty assessment and imposed the penalty in the sums of $700.00 for 2001 and $11,000.00 for 2002. (Administrative Record Docket 27, HALS 0000275-282 – Order Setting Civil Money Penalty). Thereafter, the Halseys filed a timely appeal to the Secretary and the Administrative Review Board. (Administrative Record Docket 28, HALS 0000284-303 – Halseys' Appeal of Administrative Law Judge's Decision).

On September 29, 2005, the ARB issued a Final Decision and Order affirming the ALG's decision and order. (Administrative Record Docket 48, HALS 0000484-495 – Final Decision and Order).

Thereafter, plaintiffs filed their complaint in the District Court seeking judicial review of the agency's decision.

## IV. ARGUMENT

### A. DOL DOES NOT HAVE JURISDICTION OVER PLAINTIFFS' ENTERPRISE

#### 1. Congressional Authority to Enact Child Labor Law and Construction of FSLA

Congress has the constitutional power to legislate against labor conditions detrimental to the minimum standard of living required for the general well-being of workers engaged in commerce or in production of goods for commerce. Overnight Motor Transportation Co., v. Misel, 316 U.S. 572 (1942). The Fair Labor Standards Act (FSLA) is a valid exercise of Congress' power to regulate interstate commerce among the several States and is constitutional. Opp Cotton Mills v. Administrator of Wage and Hour Division of Dept. of Labor, 111 F.2d 23, (5h Cir 1940), cert denied 74 S.Ct. 46, 311 U.S. 631.

The FLSA is to be liberally construed to apply to the furthest reaches consistent with congressional direction. Biggs v. Wilson, 1 F.3d 1537, cert denied 114 S.Ct. 902, 510 U.S. 1081, 127 L.Ed. 2d 94 (9th Cir. 1993). While a liberal construction of the statute is imperative, that construction does not require an interpretation that is opposed to its obvious intent and purposes. Blankenship v. W.U. Telephone Co., 67 F.Supp. 265, (S.D.W. Va. 1946), affirmed 161 F.2d 168. The meaning of the FLSA must in its first instance at least "be sought in its language, and if that is plain and the Act is constitutional," and the sole

role of the court is to enforce it. <u>Fleming v. Hawkeye Pearl Button Co.</u>, 113 F.2d 52 (8th Cir. 1940). The court must construe the chapter as written and cannot add to the Act to make it cover broadly those things which "affect" commerce." <u>Chapman v. Home Ice Co</u>, 43 F. Supp. 935 (W.D. Tenn. 1942), reversed on other grounds, 136 F.2d 353, cert. denied, 320 U.S. 761.

Although courts have the power to interpret the Act, they do not have the power to legislate new provisions into the FLSA, and may not overlook purposes of the Act and the intent of Congress in choosing its language. <u>Wantock v. Armour & Co.</u>, 140 F.2d 356 (7th Cir 1940), cert, granted 322 U.S. 126, rehearing denied 323 U.S. 818.

**2. Jurisdiction of the DOL does not extend to enterprises that have less than $500,000 annual gross volume of sales**

The purposes of 29 U.S.C. §212, the Child Labor provision of the FLSA, are both economic and sociological, and are to protect adult employees against compensation of minors and to protect children against harmful labor. <u>Lenroot v. West</u>, U. Tel. Co., 52. F. Supp. 142 (D.C.N.Y. (1943), affirmed 141 F.2d 400, cert. granted, 322 U.S. 719, rev. on other grounds, 323 U.S. 490. To this end Congress passed §212(c) of the FLSA which states "[N]o employer shall employ any oppressive child labor in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce. Section 203(r)(1) defines enterprise to mean the related activities performed (either through unified operations or common control) by any person or persons for a common business purpose.

10

Section 203(s)(1) defines the term "enterprise engaged in commerce or the production of goods for commerce" to mean an enterprise that has employees engaged in commerce or the production of goods for commerce; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

A commercial fishing enterprise engaged in commerce or the production of goods for commerce is not subject to the FLSA's child labor provisions unless the enterprise has a minimum annual gross sales volume of $500,000. Plaintiffs' annual gross volume of sales of fish for the years that Samuel performed services for the enterprise (2001 and 2002) is far less than $500,000. For the year 2002 the annual gross volume of sales plaintiffs made from the sale salmon was $11,357.85. For 2001 that sum was $13,477.51. Plaintiffs' commercial fishing enterprise is for those years not subject to the child labor provisions because it had annual gross volumes of sales less than $500,000. (Administrative Record Docket 9, HALS 000056 - Attachment A to Petitioner's Motion for Partial Summary Judgment - Respondents' Responses to Petitioner's First Set of Interrogatories, Requests for Admissions, and Requests for Production - Summary of Fish Tickets).

In October 2, 2002, the DOL sent plaintiffs a notice of a civil penalty assessment of $11,700 for alleged violations of its Child Labor Regulation 3 for the years 2001 and 2002 (Administrative Record Docket 12, HALS 0000138-140 - Exhibit 3, October 2, 2002 Letter from DOL to Ron and Debbie subject:

assessment of Civil Money Penalty - Respondents' Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment). The DOL claims that: (1) Halseys violated the regulation in 2001 by employing Samuel when he was 13 years old and too young to be working in the Halseys' commercial fishing enterprise; and (2) plaintiffs violated the regulation in 2002 by employing Samuel when he was 14 years old in an occupation in connection with the transportation of people or property by rail, highway, air, water, pipeline or other means in violation of 29 CFR 570.33(f)(1). On October 11, 2002, the Halseys answered the notice of civil penalty assessment and defended against it on the ground that under the FLSA's Child Labor law and the DOL child labor regulations the commercial fishing business conducted by them is not covered by those laws and regulations. (Administrative Record Docket 12, HALS 0000141-144 - Exhibit 4, Halsey's reply to the DOL's notice of civil penalty assessment - Respondents' Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment).

    In order for the DOL to enforce any of its child labor regulations against plaintiffs it must have jurisdiction to do so. Congress has extended the DOL's jurisdiction under the Child Labor provisions of FLSA to only those enterprises engaged in commerce or the production of goods for commerce that have a minimum annual gross volume of sales of $500,000. Section 203(s)(1) of the FLSA as written, means that enterprises engaged in commerce or the production of goods for commerce that have an

assessment of Civil Money Penalty - Respondents' Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment). The DOL claims that: (1) Halseys violated the regulation in 2001 by employing Samuel when he was 13 years old and too young to be working in the Halseys' commercial fishing enterprise; and (2) plaintiffs violated the regulation in 2002 by employing Samuel when he was 14 years old in an occupation in connection with the transportation of people or property by rail, highway, air, water, pipeline or other means in violation of 29 CFR 570.33(f)(1). On October 11, 2002, the Halseys answered the notice of civil penalty assessment and defended against it on the ground that under the FLSA's Child Labor law and the DOL child labor regulations the commercial fishing business conducted by them is not covered by those laws and regulations. (Administrative Record Docket 12, HALS 0000141-144 - Exhibit 4, Halsey's reply to the DOL's notice of civil penalty assessment - Respondents' Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment).

    In order for the DOL to enforce any of its child labor regulations against plaintiffs it must have jurisdiction to do so. Congress has extended the DOL's jurisdiction under the Child Labor provisions of FLSA to only those enterprises engaged in commerce or the production of goods for commerce that have a minimum annual gross volume of sales of $500,000. Section 203(s)(1) of the FLSA as written, means that enterprises engaged in commerce or the production of goods for commerce that have an

12

annual gross volume of sales less than $500,000 are enterprises over which the DOL does not have jurisdiction and are not regulated by the DOL for purposes of enforcing the child labor provisions.

Section 203(s), Pub.L. 101-157 §3(a) was amended by Congress in 1989. The 1989 amendment completely revised the enterprise test embodied in this subsection so as to increase the dollar threshold for most small enterprises to a uniform $500,000.00 in gross annual sales while eliminating several of the existing separate tests, allowing existing provisions regarding public agencies, hospitals, schools and family businesses to remain unchanged, and continuing the wage, overtime, and child labor provision protections for workers previously covered. The plain meaning of §203(s)(1) as amended is that Congress did not intend to regulate child labor performed in enterprises with an annual gross volume of sales of less than $500,000. It is clear Congress chose to reach only those businesses having annual gross volume in sales of $500,000 or more, which it considered exerted substantial impact upon the free flow of commerce warranting federal regulation of working conditions of minor child employees affected thereby. Words in §203(s) of the FLSA, "annual gross volume from the business" convey a broad meaning and should not be narrowly construed. Wirtz v. Allen Green & Associates, Inc., 379 P.2d 198 (6th Cir. 1967). Under its broadest interpretation the annual gross volume limitation in §203(s)(1) excludes plaintiffs' enterprise from the jurisdiction of the DOL in this case.

13

The threshold question the ALJ had to answer in addressing Halseys' motion for summary judgment is whether in light of the enterprise annual gross volume of sales limitation found in the Child Labor provisions of the FLSA, does the DOL have jurisdiction to regulate plaintiffs' commercial fishing enterprise. The clear answer to this question is no. Given that plaintiffs' commercial fishing enterprise did not have annual gross volume of sales of fish of at least $500,000 for the years 2001 and 2002, the DOL does not have jurisdiction to regulate their enterprise to enforce child labor provisions of the FLSA. The burden of proving that the DOL, pursuant to §203(s)(1), has jurisdiction over Respondents is that of Petitioner. This Petitioner cannot do. Nevertheless, the ALS granted Petitioner judgment.

Assuming Samuel was employed by the Halseys in their commercial fishing enterprise for the years 2001 and 2002, if the DOL is without jurisdiction to regulate their enterprise because it does not meet the minimum annual gross volume of sales limitation in §203(s)(1), plaintiffs are entitled to summary judgment in their favor. There is no genuine issue of material fact concerning the annual gross volume of sales for plaintiffs' enterprise for the years 2001 and 2002. For those years which Samuel performed services as a crewperson for the enterprise, the enterprise's annual gross volume of sales was less than $500,000. As a matter of law they are entitled to summary judgment because the DOL does not have jurisdiction under the child provisions of the FLSA to regulate plaintiffs' enterprise.

**3.** **DOL does not have jurisdiction to regulate Halseys' enterprise because the only regular employees of the enterprise are its owners**

Section 203(s)(2) of the FLSA provides that any establishment that has as its only regular employees the owner thereof, or the parent, spouse, or child or other member of the immediate family of such owner shall not be considered to be an enterprise engaged in commerce or in the production of goods of commerce or a part of such enterprise, regardless of the annual gross volume of sales of the enterprise. The plain meaning of this section is not to extend the reach of the DOL's jurisdiction to business establishments that have as its only "regular" employees the owners of the enterprise. The DOL has defined establishment to include a boat on which a child is employed for the purpose of catching fish. 29 CFR §570.109(a)(1).

Neither the FLSA, nor the DOL regulations define the word "regular". In interpreting this word in the statute the court must give it liberal construction; however, it must be applied with reason and in a common sense fashion. <u>Dunlop v. Ashy</u>, 555 F.2d 1228 (5th Cir. 1977). As mentioned, the court must construe the statute as written. The word "regular" denotes something that is constant. *The American Heritage Dictionary of the English Language*, 3d edition (1996) p. 152.

While a commercial salmon set net fishing enterprise, like that of plaintiffs', relies on the seasonal catch of fish to conduct business, the business requires work before and post fishing seasons. (Administrative Record Docket 12, HALS 0000130-

134 - Respondents' Exhibit 1, Affidavit of Ronald L. Halsey filed in support of Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment). Before the fish catching season begins supplies must be purchased, such as fuel, groceries, clothing suitable for fishing and sometimes gear. Gear and equipment must be repaired and maintained, such as nets and boats. During the season the fish caught must be delivered to market for sale. After the fishing season is over the gear must be put away and stored for the next fishing season and the equipment, like boats and motors, must be repaired, maintained and winterized and for use the next season. This work is done by the owners who are regular or constant employees of the enterprise year round. (Administrative Record Docket 12, HALS 0000130-133 - Respondents' Exhibit 1, Affidavit of Ronald L. Halsey filed in support of Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment). The work of a crewperson like Samuel is only occasional. That is, the crewperson's work of setting nets, picking fish from the nets removing the nets from the water and unloading the fish on shore only happens during the short fishing season. (Administrative Record Docket 12, HALS 0000130-133 - Respondents' Exhibit 1, Affidavit of Ronald L. Halsey filed in support of Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment). Samuel's work as a crewperson did not involve any of the work necessary for the business of commercial fishing enterprise that occurs before and after the fishing season.

Samuel was not employed for work before and after the fishing season was over. During season he did not take fish to the processor for sale. He was not a regular employee of the enterprise and therefore, not a constant employee of the fishing business. (Administrative Record Docket 12, HALS 0000130-133 - Respondents' Exhibit 1, Affidavit of Ronald L. Halsey filed in support of Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment).

Since the Halseys are the only "regular" employees of their enterprise in that they are constantly employed to do the essential work necessary for the operation of their commercial business before, during and after the fishing season is over, the DOL, pursuant to Section 203(s)(2) of the FLSA, does not have jurisdiction over Halseys' commercial fishing enterprise. Their establishment has as its only regular employees the Halseys. Congress must have intended for the word "regular" to modify the word employee and be considered something different than just any employee.

Samuel was not a regular employee under a reasonable and common sense fashion interpretation of the word "regular." His work was very limited to only setting nets, picking fish, removing nets and unloading fish from the boat on shore during the short fishing season. The DOL cannot regulate here. The DOL is not entitled to judgment as a matter of law.

Assuming that Samuel was employed by Plaintiffs, the only regular employees of the establishment are Plaintiffs who own the commercial fishing enterprise. Because of this, the DOL does not

have the power to regulate the Halseys' enterprise for purposes of enforcing the child labor provisions of the FLSA. Since DOL lacks jurisdiction to regulate the enterprise in this case, the Halseys are entitled to judgment as a matter of law.

**B. GAMMON'S WORK IN 2002 AS CREWPERSON IN HALSEYS' FISHING ENTERPRISE WAS NOT EMPLOYMENT IN AN OCCUPATION CONNECTED WITH TRANSPORTATION AND THEREFORE, NOT OPPRESSIVE CHILD LABOR**

**1. The FLSA Child Labor Provisions and the Secretary's Regulations**

The Fair Labor Standards Act of 1938 (FLSA) and as amended provides that "[N]o employer shall employ any oppressive child labor in commerce or the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §212(c). The Secretary of Labor is charged with enforcement of the child labor provisions of the FLSA. *Id.* at §212(b).

"Oppressive child labor" is defined to mean a condition of employment under which (1) any employee under the age of sixteen years is employed by an employer (other than a parent or a person standing in place of a parent employing his own child or a child in his custody under the age of sixteen in an occupation other than manufacturing and mining or an occupation found by the Secretary of Labor to be particularly hazardous for the employment of children between the ages of sixteen and eighteen years, or detrimental to their health or well-being) in any occupation, or (2) any employee between the ages of sixteen and eighteen years who is employed by an employer in any occupation

18

which the Secretary of Labor shall find and by order declare to be particularly hazardous for the employment of children between such ages or detrimental to their health or well-being. 29 U.S.C. 203 (l). ...   ...   The Secretary of Labor shall provide by regulation or by order that the employment of employees between the ages of fourteen and sixteen years in occupations other than manufacturing and mining shall not be deemed to constitute oppressive child labor if and to the extent that the Secretary of Labor determines that such employment is confined to periods which will not interfere with schooling and to conditions which will not interfere with their health and well being. *Id*.

> **2.   At Age 14 Gammon Was Permitted in 2002 To Be Employed As A Crewperson In Plaintiffs' Commercial Fishing Enterprise**

Department of Labor (DOL) regulation 29 CFR §570.31 in subpart C, "Employment of Minors Between 14 and 16 years (Child Labor Reg 3)," Determination, states the employment of minors between the ages of 14 and 16 years in the occupations, for the periods, and under the conditions hereafter specified does not interfere with their schooling or with their health and well being and shall not to be deemed to be oppressive child labor. DOL regulation §570.32 states that in all occupations covered by this subpart the employment (including suffering or permitting to work) by an employer of minor employees between 14 and 16 years of age for the periods and under conditions specified in §570.35 shall not be deemed to be oppressive child labor within the meaning of the FLSA of 1938.

Subsection (a) of §570.35 provides in relevant part that employment in any of the occupations to which Subpart C §570.31 and 570.32 apply shall be confined to the following periods: (1) outside of school hours; (2) not more than 40 hours in any 1 week when school is not in session; (3) not more than 18 hours in any one week when school is in session; (4) not more than 8 hours in any given day when school is not in session; (5) not more than 3 hours in any given day when school is in session; and (6) Between 7 a.m. and 7 p.m. in any given 1 day, except during summer (June 1 through Labor Day) when the evening hour will be 9 p.m. Minors between the ages of 14 and 15-year-old are permitted, under conditions set forth in §570.35, to be employed by retail, food service, gasoline establishments and other places of employment. §570.35; §570.31; §570.32.

The Subpart C provisions permit the employment of minor employees between the ages of 14 and 16 years whose work involves the catching of fish or working on fishing boats. (Administrative Record Docket 12, HALS 0000134-137 - U.S. Dept. Of Labor Youth Employment Rules in Net Fishing, Respondents' Exhibit 2, Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment). The FLSA does not expressly define "establishment", however, the DOL has defined the term to mean a boat where productive activity such as catching fish is carried on. §570.109(a)(1). Thus, minors between the ages of 14 and 16 years are permitted to be employed in work involving commercial set net fishing. Employment of minors between the ages of 14 and 16 on set net fishing boats is

a permissible occupation under DOL's regulations and shall not be deemed to be oppressive child labor within the meaning of the FLSA.

The employment of minors between the ages of 14 and 16 years under DOL's regulations in Subpart C is permitted in all occupations other than those specifically listed in 29 CFR §570.33. Subpart C provisions apply to all occupations other than occupations in connection with transportation of persons or property by rail, highway, air, water, pipeline, or other means. §570.33 (f)(1). Minors between the ages of 14 and 16 may not be employed in these occupations.

The government argued and the ARB in affirming the granting of defendant's summary judgment took the position that Samuel's work as a crewperson in the Halseys' commercial salmon set net fishing enterprise is an occupation in connection with the transportation of persons or property by water, and therefore, the DOL's regulations allowing employment of minor employees between the ages of 14 and 16 years does not apply in this case. Petitioner and the court are gravely mistaken. The work of catching fish is not an occupation in connection with the transportation of person or property by water.

The word "occupation" is not defined in the child labor provisions of the FLSA or in DOL regulations. Therefore, the word must be interpreted using common usage, reason and common sense. "Occupation" is defined in the dictionary as an activity that serves as one's regular source of livelihood; a vocation. *The American Heritage of the English Language*, 3d edition (1996)

p. 1251. This is the common and ordinary meaning of the word in the context of this case. Under this definition the activity that served as Samuel's regular source of livelihood as a crewperson in plaintiffs' commercial fishing enterprise was the catching of fish. Catching fish is what served as his regular source of income from his activity of setting nets, picking fish from the nets, removing the nets from the water and unloading the catch on shore. Gammon's employment did not include an occupation in connection with the transportation of persons or property by water for hire. While it is true that persons and fish are transported in plaintiffs' fishing boat in connection with catching fish, this is merely incidental to the occupation of catching fish. Transportation of persons and property by water for hire is not the regular source of income for the commercial catching of fish.

The government's and the ARB's interpretation of §570.33(f)(1) is strained. Courts should not give words used in the FLSA a strained or unreasonable meaning. <u>Maddox v. Jones</u>, 42 F. Supp. 35 (N.D. Ala. 1940). The occupation that Samuel was engaged while working in plaintiffs' enterprise was in connection with catching fish, not the transportation of persons or property by water for hire. The fish transported in the fishing boat is not the property of another. The fishing crew are not persons being transported over water for hire. Even the Secretary interprets 29 CFR 570.33 to apply to minor employees between the ages of 14 and 16 whose work involves catching fish, including net fishing, and allows such employment during periods and under

22

conditions that do not interfere with their schooling. (Administrative Record Docket 12, HALS 0000134-137 Exhibit 2, Youth Employment Rule In Net Fishing - Respondents' Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment).

DOL regulation 3, under certain conditions, permits minors who are 14 and 15 to be employed in the occupation of catching fish with nets. In 2002 Samuel was 14 years old when he worked in plaintiffs' commercial net fishing business as a crewperson. School was not in session. Since Samuel was 14-years-old when he was employed in the occupation of net fishing, and the work was done during the period when school was not in session and between the hours of 7 a.m. and 7 p.m. in July when the set net salmon fishery was open, his employment was not prohibited by §570.33 of the DOL's child labor regulations and cannot be deemed oppressive child labor. Therefore, for the year 2002 Plaintiffs did not violate the child labor provisions of the FLSA. The government was not entitled to judgment as a matter of law on this issue. However, for the year 2002 plaintiffs are entitled to judgment as a matter of law since no violation of the Act occurred. Samuel, while employed by Plaintiffs in their commercial fishing enterprise for that year, was permitted to work as plaintiffs' crewperson during the period and under the conditions that did not interfere with his schooling, health or well-being. The employment for 2002 cannot be deemed to be oppressive child labor.

**D.   SAMUEL WAS AN INDEPENDENT CONTRACTOR NOT AN EMPLOYEE**

**1.   The nature of Samuel's work and method of payment for work made him an independent contractor and not an employee of Halseys' enterprise**

Employment is not defined in the Act. However, the FLSA defines employer to include any person acting directly or indirectly in the interest of an employer in relation to an employee and includes public agency, but does not include any labor organization . . . or anyone acting in the capacity of officer or agent of such labor organization. §203(d). The term "employee" under the FLSA means any individual employed by an employer. §203(e)(1). "Employ" means to suffer or permit to work. §203(g).

Section 203(r)(1) however, excludes activities performed by an independent contractor from the definition of "enterprise." Under the Internal Revenue Code, after 1976 a person engaged in the commercial catching of fish and who is paid based on a share of proceeds from the boat's catch is deemed self-employed and an independent contractor. See IRS regulation 26 CFR §1.1402(c)-3(g). The activity constitutes a trade or business within the meaning of §1.1402(c) defining employees. Plaintiffs agree that courts must determine as a matter of economic reality if an individual is an employee or an independent contractor in business for himself. Rutherford Food Corp. v. McComb, 331 U.S. 722, 728 (1947). There are several factors the courts must consider. See Secretary of Labor v. Lauritzen, 835 F.2d 1529, 1535 (7th Cir, 1987) for factors. No single factor in the test is determinative. Lauritzen, 835 F.2d at 1524. One of the

factors to be considered is the degree of permanency and duration of the working relationship.

Samuel was paid on a share of proceeds from the catch of fish by the boat basis. (Administrative Record Docket 12, HALS 0000130-133 - Respondents' Exhibit 1, Affidavit of Ronald L. Halsey filed in support of Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment). In this case the permanency of Samuel's services performed for the Halseys' enterprise was seasonal and of a short duration of only a matter of weeks. (Administrative Record Docket 12, HALS 0000130-133 - Respondents' Exhibit 1, Affidavit of Ronald L. Halsey filed in support of Opposition to Petitioner's Motion for Summary Judgment and Respondents' Cross Motion for Summary Judgment). The Cook Inlet commercial salmon set net season opens July 1 and closes August 7. This is barely a month of fishing. Given the intermittent and short duration of Samuel's services he was an independent contractor and not an employee. The IRS regulations recognize the seasonal and short duration of the work of individuals engaged in the fishing. It is also understood that the basis of pay for those engaged in fishing is sometimes based on receiving a share of the proceeds from the boat's catch of fish. The fisherman who fishes on the basis of receiving a share of the proceeds the boats catch has an investment in how successful the fishing operation is. His opportunity for profit or loss depends on how much fish the boat catches. While IRS regulations do not conclusively determine whether a person is an independent contractor for purposes of the

child labor provisions of the FLSA, the regulation should be considered in weighing the factors that must be considered in making the determination. Given the nature and duration of the work of those engaged in the commercial catching of fish, the IRS recognizes that such work is more akin to trade and business and not employment.

For the these reasons in 2001 and 2002 Samuel was an independent contractor when he performed crewperson services for the Halseys' commercial salmon set net fishing enterprise. He was not an employee. The DOL does not have jurisdiction over the work performed by independent contractors, regardless of their age. For this reason, Petitioner was not entitled to judgment as a matter of law.

**V.    CONCLUSION**

The death of Samuel Gammon, age 14, while he was performing services as a crewperson in connection with plaintiffs' commercial fishing enterprise was a very sad and tragic event. However, the DOL for the reasons explained herein does not have jurisdiction over the activities involved in plaintiffs' enterprise regarding the employment of minor employees. Even if the DOL does have jurisdiction, in 2002 Samuel was permitted to be employed at age 14 as a crewperson in Halseys' commercial fishing enterprise. DOL's Motion For Summary Judgment should have been denied. The Halseys' Cross Motion for Summary Judgment on the DOL's claim for assessment of a civil penalty should have been granted.

The decisions of the ARB affirming granting summary judgment for DOL and affirming the civil penalty assessment against

26

plaintiffs should be reversed and remanded with instructions to enter judgment in favor of plaintiffs.

Respectfully submitted this 30th day of March, 2007.

ROBINSON & ASSOCIATES
By: s/Arthur S. Robinson
    Attorney for Plaintiffs
    35401 Kenai Spur Highway
    Soldotna, Alaska 99669
    Tel: (907) 262-9164
    Fax: (907) 262-7034
    Email: Office@robinsonandassociates.net
    ABN 7405026


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT OF MOTION was served electronically upon counsel for Defendant's counsel, Richard L. Pomeroy, Assistant United States Attorney, this 30th day of March, 2007.

By: /s/ Arthur S. Robinson